GUIDRY, Judge.
Defendant, Damian Ford, along with his co-defendant, Sarah Glaviano, was charged by bill of information with the crime of forgery, a violation of La.R.S. 14:72. Sarah Glaviano pled guilty to the charge. Defendant pled not guilty and was tried on September 3, 1984. A six member jury found defendant guilty of attempted forgery in violation of La.R.S. 14:27 and 14:72. Defendant was sentenced to serve a term of one year in the custody of the Louisiana Department of Corrections, plus a fine of twenty-five hundred dollars ($2,500.00), plus fifty-five dollars ($55.00) court costs, plus a victim reparation fee of fifty dollars ($50.00), or an additional year with the Department of Corrections in default of such payments. Defendant appeals his conviction and sentence, specifying two assignments of error.
FACTS
On February 9, 1984, defendant, Sarah Glaviano and Darrel Collins (all of whom resided at defendant’s brother’s house in Marksville), drove to Wade’s Grocery in Hickory Hill, just north of Marksville. *933 While outside of the store, Glaviano wrote out a check payable to defendant, Damian Ford, on the account of Sammy’s Bar-Be-Que in the amount of $129.63. Glaviano signed her father’s name to the check and made.the notation “wages” in the lower left hand corner of the check. Defendant went into Wade’s Grocery and endorsed the check in the presence of the store’s owner, Wade Bonnette. He used the check to purchase a few items of merchandise and received the balance of the check in cash. When he returned to the car he gave Glavi-ano the cash. The three then proceeded to another store where they purchased groceries and liquor with the proceeds from the forged check.
. Wade Bonnette testified at trial that the Union Bank of Marksville, upon which the check was drawn, refused to honor the check because it was a forgery. Saín D. Glaviano, Sarah’s father and the owner of Sammy’s Bar-Be-Que, testified that, although Sarah was managing the restaurant for him during his illness, she was not authorized to write any checks on the restaurant’s account. He also stated that Damian Ford had never worked for him or for the restaurant. Sarah Glaviano testified at trial that she told defendant that she put “wages” upon the check so that it would be easier for him to cash. She also testified that she forged the check in defendant’s presence and that defendant knew that it was a forgery..
Defendant was tried on September 3, 1984. A six member jury found him guilty of attempted forgery. Following the verdict, defendant moved for a post verdict judgment of acquittal. This motion was denied by the trial court. On September 27, 1984, after a pre-sentence investigation, defendant was sentenced as aforestated.
From his conviction and sentence, defendant appeals asserting:
1. The trial court erred in that the verdict was not supported by the evidence; i.e., when viewed in the light most favorable to the prosecution, a rational jury could not have found the essential elements of the crime of attempted forgery beyond a reasonable doubt; and,
2. The trial court erred in failing to grant defendant’s motion for a post verdict judgment of acquittal.
ASSIGNMENT OF ERROR NO. 1
La.R.S. 14:72 defines forgery as follows:
“Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall alsó constitute forgery.”
Under the present circumstances, defendant falls under the second paragraph of the forgery statute, since he endorsed and transferred the forged check at Wade’s Grocery. The issue before us is thus whether defendant did so with an “intent to defraud” and with “knowledge” that the check was a forged writing. Defendant contends that there was insufficient evidence presented at trial to show either that he had the intent to defraud or that he knew that the writing was forged.
The standard for reviewing the sufficiency of evidence is whether any rational finder of fact, viewing the evidence in a light most favorable to the prosecution, could have found the. essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard is applicable when a conviction involves direct and/or circumstantial evidence. State v. Washington, 421 So.2d 887 (La.1982).
Defendant contends that he was unaware of the fact that the check was a forgery. Despite the fact that he personally witnessed Sarah Glaviano sign her father’s name to the check, defendant asserts that he believed Sarah Glaviano was authorized to sign such checks since she had been the sole manager of her father’s restaurant for several weeks.
*934 In view of the facts that defendant lived with Sarah Glaviano; the check was made out to defendant for “wages”; defendant had never worked for either Mr. Glaviano or Sammy’s Bar-Be-Que; Sarah Glaviano told him that she placed “wages” on the check so that it would be easier for him to cash; and, the funds from the check were used to purchase groceries and liquor for defendant and his roommates, we find defendant’s argument untenable.
Knowledge, like intent, must often be inferred from the totality of the circumstances of a transaction where it is an element of the crime charged. The test of knowledge is not a subjective test, but rather a completely objective test, i.e., the offender is taken to know that which any reasonable person so situated would have known. State v. Tomlinson, 450 So.2d 380 (La.App. 2nd Cir.1984), reversed on other grounds, 457 So.2d 651 (La.1984). In the instant case, we find that there was presented more than ample evidence to prove defendant’s knowledge that the check was forged.
The intent to defraud, i.e., the intent to injure or prejudice the rights of another, is another essential element of the crime of forgery. The offender must either actively desire to defraud another, or must know that such is reasonably certain to result from his act or failure to act. Such an intent may be inferred from the circumstances. State v. Raymo, 419 So.2d 858 (La.1982).
In the instant case, it is clear that even if defendant did not actively desire to defraud anyone, he must have known that injury or prejudice to the rights of another was reasonably certain to result from his transferring the forged check. Defendant was aware of the fact that had the bank cleared the check, money in the sum of $129.63 would have been debited against Sam Glaviano’s account. Defendant was not owed any money by Sam Glaviano or Sammy’s Bar-Be-Que. Defendant also knew that if the bank refused to cash the check, as it did in the present case, Wade Bonnette would have been out of $129.63 in groceries and cash. Defendant was not owed any money from Mr. Bonnette either. We thus find that, under these circumstances, there was sufficient evidence of defendant’s intent to defraud.
Prom the totality of the evidence, we find that it is reasonable to conclude beyond a reasonable doubt, and to the exclusion of any reasonable hypothesis of innocence, that defendant knowingly transferred a forged writing with intent to defraud. The evidence is legally sufficient to support a conviction of forgery, and thus the lesser included offense of attempted forgery. Thus, we conclude this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred in denying his motion for a post verdict judgment of acquittal. We likewise find no merit to this assignment.
La.C.Cr.P. Art. 821 reads in pertinent part:
“A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.”
As was discussed in assignment of error no. 1, we find that there was sufficient evidence from which the jury could have found defendant guilty of attempted forgery, in line with the Jackson standard as set forth above. Therefore, the trial court correctly denied defendant’s motion for a post verdict judgment of acquittal.
DECREE
For the above and foregoing reasons, the conviction and sentence of defendant, Damian Ford, are affirmed.
AFFIRMED.